MORITZ KISCHMAN *et al.* v. LILBURN SCOTT, *as Executor, etc.*

No. 12,473.   (68 Pac. 1129.)

NOTE AND MORTGAGE—*Insurance Clause—Limitation of Action.* Where the provision for insurance in a mortgage is not filled out by inserting the amount, there is no agreement to insure in any amount, and a failure so to do does not cause the note secured by the mortgage, to mature immediately upon its delivery, so as to start the statute of limitations running thereon.

Error from Miami district court; JOHN T. BURRIS, judge.   Opinion filed March 8, 1902.   Affirmed.

*Alpheus Lane*, and *J. A. Brennerman*, for plaintiffs in error.

*G. F. Ballingal*, and *Frank M. Sheridan*, for defendant in error.

*Per Curiam:* The court below found, after hearing all the evidence, which was conflicting, that the makers of the note and mortgage sued on had been absent from the state for a sufficient length of time after the note matured to prevent the statute of limitations from running.   This finding is binding on this court.   The claim that the note matured immediately upon its delivery, by reason of the provision in the mortgage that it should become due at once if the mortgagors failed to keep the buildings on the property insured, is without merit.   The condition is that the mortgagors shall keep the buildings on the premises insured "in the sum of . . . dollars."   No amount being specified, we construe the language to mean that there was no agreement to insure in any amount.

The judgment of the court below will be affirmed.